UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JEAN,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY, *et al.*<br>Respondents. | Case No. 1:26-cv-08156 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Carlos Jean is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks his immediate release from custody. *See* Dkt. No. 1 at 17. He last entered the United States on a temporary visa, which expired in 2018. *See Carlos v. Warden of the Mesa Verde Det. Facility*, No. 1:26-CV-04866 (VC), 2026 WL 2415931, at *1 (E.D. Cal. Aug. 18, 2026). In December 2025, Petitioner was arrested for providing law enforcement with a false ID and transferred to ICE custody shortly thereafter. Dkt. No. 7-3 at 2. He was ordered removed to Haiti in July 2026 and appealed the decision to the BIA. Dkt. No. 7-1 at 1–4.

Petitioner previously filed a habeas petition arguing that due process required he be released from custody or provided a bond hearing pursuant to 8 U.S.C. § 1226(a). *See Carlos v. Warden of the Mesa Verde Det. Facility*, No. 1:26-CV-04866-VC, Dkt. No. 1. The Court granted the petition in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and ordering that he receive a bond hearing pursuant to that statute. *See Carlos*, 2026 WL 2415931, at *1. Petitioner received a bond hearing in September 2026. Dkt. No. 7-2 at 1. At that hearing,

an immigration judge ("IJ") denied Petitioner's bond request finding that he presented both a danger to the community and a flight risk. *See* Dkt. No. 7-2 at 1–2.

In this subsequent petition, Petitioner argues that his detention—which has now surpassed eight months—has become unconstitutionally prolonged. Dkt. No. 1 at 8–9. Respondents oppose relief, arguing that Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of Immigration Appeals ("BIA") before seeking habeas relief. Dkt. No. 7 at 3. They further argue that Petitioner has not shown that his detention has become unconstitutionally prolonged. *Id*. at 2.

Where an immigration detainee has failed to exhaust his administrative remedies before seeking habeas relief, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). In determining whether exhaustion is required, courts consider (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.

To the extent that Petitioner challenges the immigration judge's finding of dangerousness and flight risk, these factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, even where these factors point toward exhaustion, a court retains discretion to

excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). With respect to his bond denial, Petitioner has not demonstrated that an appeal to the BIA would have been inadequate. Nor has Petitioner shown that the BIA lacked the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling. Accordingly, to the extent the petition can be construed as bringing a challenge to the immigration judge's bond denial, it is denied for failing to exhaust administrative remedies.

Turning to Petitioner's claim that his detention has become unconstitutionally prolonged, the Court has already concluded that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See Carlos*, 2026 WL 2415931, at *1. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although § 1226(a) does not include a limitation on the duration of detention, it cannot be indefinite, and instead must be "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation modified). The lack of a certain end date for detention under 8 U.S.C. § 1226(a), without more, does not render a noncitizen's detention indefinite. *Id.* at 1063.

Here, other than stating that he has been detained for eight months, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. Indeed, Petitioner was ordered removed in July 2026, and his appeal of that removal order is currently pending with the BIA. Thus, habeas relief on a prolonged detention claim is not currently warranted. *See Camilo A.M.L. v. Warden*, No. 1:26-CV-06174-MWJS, 2026 WL 2568530, at *1–2 (E.D. Cal. Aug. 31, 2026) (denying habeas relief to noncitizen who had been detained under 8 U.S.C. § 1226(a) for more than six months); *Z.Z. v. On Habeas Corpus*, No. 1:26-cv-05908-MWJS, 2026 WL 2234648, at *1 (E.D. Cal. Aug. 3, 2026) (same).

For the foregoing reasons, the petition DENIED without prejudice. Any outstanding

motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

**IT IS SO ORDERED.**

Dated: November 23, 2026

VINCE CHHABRIA
United States District Judge